**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RODNEY P. FAISON, # 269664A,** | : |
| Plaintiff, | : |
| vs. | :     CIVIL ACTION 21-0035-JB-MU |
| **WEXFORD MEDICAL,** *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that Defendant Alabama Department of Corrections ("ADOC") be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against it are frivolous; Defendant Wexford Medical ("Wexford") be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the claims against it fail to state a claim upon which can be granted; leave be granted to Plaintiff to file a second amended complaint for the purpose of stating a claim against Defendant Wexford; and if a second amended complaint is not filed, this action be dismissed in its entirety.

**I. Amended Complaint (Doc. 6).**

Because Plaintiff's original complaint was not on the Court's complaint form, Plaintiff was ordered to file his complaint on the Court's current § 1983 complaint form,

which he did. (Doc. 3, PageID.10). In his first amended complaint, Plaintiff named as Defendants Wexford and ADOC. (Doc. 6 at 5, PageID.22). Plaintiff is suing Defendant Wexford for lack of adequate medical care and misdiagnosis. (*Id.*). He alleges that in December 2020, he suffered pain to the point of being unable to move and was seen in the infirmary for pain on his left side and in his kidneys. (*Id* at 4-5, PageID.21-22). Instead of listening to him, they told him "this and that" and gave him what they thought may help. (*Id.* at 8, PageID.25). Eventually, he was sent to a free-world hospital where his problem was diagnosed. (*Id.* at 5, PageID.22). He states that he cannot spell the name of the condition but was told that it concerned the area around his "male private part." (*Id.*). Subsequently, he asked for help but did not receive the treatment he needed as they tried to hide the paperwork, and now he "is going through some more medical issues." (*Id.* at 5-6, PageID.22-23).

As for his claim against Defendant ADOC, Plaintiff describes his claim as one for lack of medical care. (Doc. 1 at 6, PageID.23. He states that even though he keeps asking for help, he is not getting the correct treatment and now he is going through more medical issues. (*Id.*).

For relief, Plaintiff seeks adequate medical care, compensation for his pain and suffering, and Defendants to be held "accountable" for their wrongdoing. (*Id.* at 7, PageID.24)

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his first amended complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."

2

*Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d

1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied,* 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

#### A. Claim Against ADOC.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Defendant ADOC is an arm of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (the Alabama Board of Corrections is a part of the State); *see* ALA. CODE § 14–1–1.1 (ADOC is the successor to the Board of Corrections).

Furthermore, Defendant ADOC cannot be sued in federal court because it has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057–58 (finding that the State of Alabama and the Board of Corrections were entitled to Eleventh Amendment immunity). The Eleventh Amendment's immunity "prohibits

federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. *Id*. at 781, 98 S.Ct. at 3057. The two exceptions to this immunity are if the State has waived its immunity by legislative enactment or if Congress has abrogated the State's immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54, 131 S.Ct. 1632, 1637-38, 179 L.Ed.2d 675 (2011); *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057–58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity), *overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317, 1318 (11th Cir. 2009). Nor has Congress in § 1983 cases abrogated a State's Eleventh Amendment immunity. *Carr,* 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *Selensky v. Ala.*, 619 F. App'x 846, 848-49 (11th Cir. 2015) (same). Thus, the claims against Defendant ADOC are frivolous as a matter of law, and Defendant ADOC is due to be dismissed with prejudice.

### B. Claim Against Defendant Wexford.

Turning to Defendant Wexford, Wexford is the "contract medical and mental health care provider for the Alabama Department of Corrections." *McClellan v. Stone,* 2020 WL 4209627, at *1 n.2 (M.D. Ala. 2020) (unpublished). As a corporate entity, Defendant Wexford is treated like a municipality for § 1983 purposes. *Brennan v. Headley,* 807 F. App'x 927, 937 (11th Cir. 2020). "[A] municipality cannot be held liable

under § 1983 on a *respondeat superior* theory, *i.e.,* solely because it employs a tortfeasor." *Walde v. Meurer,* 2020 WL 7212605, at *2 (N.D. Fla. 2020) (unpublished); *Wright v. Medical Staff in the M.C.D.F.*, 2009 WL 211378, at *1 (M.D. Ala. 2009) (unpublished) (same). "A municipality can be liable under § 1983 only where the alleged constitutional harm is the result of a custom or policy." *Brennan,* 807 F. App'x at 937. In the amended complaint, Plaintiff does not allege that a custom or policy of Defendant Wexford denied him adequate medical care. Thus, Plaintiff has failed to state a claim against Defendant Wexford upon which relief can be granted, and Defendant Wexford is therefore due to be dismissed without prejudice. *Id.* at 938 (affirming the dismissal of Corizon for plaintiff's failure to show that its custom or policy denied him adequate medical care).

**IV. Conclusion.**

Based on the foregoing reasons, it is recommended that Defendant Alabama Department of Corrections ("ADOC") be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against it are frivolous, and Defendant Wexford Medical ("Wexford") be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the claims against it fail to state a claim upon which can be granted. Thus, this action is due to be dismissed in entirety pursuant to 28 U.S.C. § 1915(b)(2)(B).

However, "when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x. 709, 711 (11th Cir. 2015). And it appears to the Court a more carefully drafted second amended complaint

may state a claim against Defendant Wexford based on Plaintiff's medical treatment, (although the present allegations did not give the Court a concrete idea of the nature of his claim). Thus, it is recommended that Plaintiff be allowed to amend his first amended complaint for the purpose of stating a claim based on his medical treatment.

If Plaintiff is granted the opportunity to amend his first amended complaint, and if he elects to file a second amended complaint, the following information provides guidance for stating a medical claim under § 1983. Section 1983 requires that a *causal connection* be shown between *each* defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights in order to state a claim. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983). A plaintiff can show this causal connection by alleging *facts* that show what *each* defendant did to violate his constitutional or federal rights.

In the medical context, to state a constitutional deprivation, facts must be alleged that show there was a "deliberate indifference to serious medical needs" on the part of a defendant. *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). For a corporate medical provider, it must be alleged that "the provider had a custom or policy that caused a constitutional deprivation in order to satisfy the element of causation for his § 1983 claim." *Brennan,* 780 F. App'x at 822. Furthermore, "[m]ere negligence or malpractice does not violate the eighth amendment. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. . . Whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses." *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). Additionally,

"[w]here a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted), *cert. denied,* 475 U.S. 1096 (1986).

Turning to nature of the allegations that must be plead in the second amended complaint, Plaintiff's new allegations must be more precise. The prior allegations are extremely vague and do not clearly convey his condition, the medical treatments tried, who treated him and when, and the treatment that was denied to him. The prior allegations simply let the Court and Defendant know that Plaintiff has a medical problem for which he was seen and treated and did not receive follow up treatment. Those allegations do not convey a deliberate indifference to a serious medical need, which is necessary for stating a claim. In fact, due to their vague and conclusory nature, they would be dismissed as well if they had been alleged against an individual. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

The pleading requirements in federal court specify that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. This requires the pleading of "more than labels and conclusions," "a formulaic recitation of the elements of a cause of action," "an unadorned, the-defendant-unlawfully-harmed-me

accusation," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949. The "complaint "must give the defendant fair notice of what the plaintiff's claim is and the [factual] grounds upon which it rests[.]" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotation marks omitted). Moreover, to show that a defendant is liable for the misconduct, a plaintiff is required to "include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir.), *cert. denied,* 568 U.S. 1088 (2013).

Plaintiff's second amended complaint must be filed on the Court's § 1983 complaint form and cure the deficiencies noted in the Report and Recommendation.[1] If the second amended complaint does not comply with the Court's pleading directives or is not timely filed, it will be dismissed for failure to comply with the Court's order. If Plaintiff fails to use the Court-provided form, the Court may strike the amended complaint and dismiss his action. The amended complaint will replace the prior complaints; therefore, Plaintiff shall not rely on the prior complaints. The amended complaint shall contain only claims arising from the incident that served as the basis for the prior complaints and shall contain all of Plaintiff's claims from the incident. Plaintiff should read the directions contained on the complaint form and complete the complaint form in its entirety. The second amended complaint will be subject to the screening provisions of § 1915(e)(2)(B).

---

[1] The Clerk is **DIRECTED** to send Plaintiff a § 1983 complaint form.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 1st day of April, 2021.

s/ P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE